19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Jerome KIDD, Defendant-Appellant.
 No. 93-30190.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 24, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Jerome Kidd appeals his conviction, following a jury trial, for distribution of cocaine base and possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). Kidd contends that the district court erred by denying his motion to suppress evidence and statements obtained from him because the police officer lacked reasonable suspicion to make an investigatory stop of him. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On January 3, 1992, at about 8:30 p.m., Portland Police Officer Robert Hollins arrived on the scene of a traffic accident. As he was investigating the accident, Hollins observed heavy foot traffic around one particular apartment in a nearby apartment complex. The apartment complex was known to Hollins to be the site of drug trafficking based upon his prior knowledge and experience of drug-related arrests within the complex and communications with residents of the complex.
 
 
 5
 While at the accident scene, Hollins observed Kidd leave the apartment and proceed to walk down a nearby alley. Hollins left the accident scene and proceeded to the opposite end of the alley so that Kidd was approaching him as Kidd walked down the alley. As Kidd came within ten feet of him, Hollins asked Kidd if he could talk to him. Kidd responded affirmatively. Hollins then moved closer to Kidd and noticed that he was wearing a large coat with pockets that were bulging to the sides. Hollins asked Kidd if he had seen the nearby traffic accident and if he lived in the area. Kidd responded in the negative as to both inquiries. Hollins then asked Kidd if he objected to speaking to him, to which Kidd responded that he did not. Hollins then began speaking to Kidd about the drug problem in the neighborhood and told Kidd that he had seen him exit what he believed to be a drug house. Kidd responded that he was not carrying any drugs. Hollins asked Kidd if he could search him for drugs. Kidd did not respond and instead turned and started running down the alley. Hollins followed Kidd through the alley and observed him run into a backyard area where Kidd slipped and fell. Hollins was about five feet from Kidd as he observed Kidd roll onto his back partially exposing in his left coat pocket a plastic baggie containing what Hollins recognized as crack cocaine. Hollins then ordered Kidd to keep his hands where he could see them and called for the assistance of another officer.
 
 
 6
 Hollins had no physical contact with Kidd until the second officer arrived, at which point Kidd was placed under arrest. A search of Kidd's coat pursuant to the arrest revealed additional quantities of crack cocaine. After being advised of his constitutional rights, Kidd told the officers that he possessed all of the cocaine seized for his personal use.
 
 
 7
 Kidd filed a motion to suppress the evidence which the district court denied following a hearing. Kidd was tried and convicted. He timely appeals.
 
 II
 Merits
 
 8
 Kidd argues that the district court erred by denying his motion to suppress because Officer Hollins lacked reasonable suspicion to justify the alleged investigatory stop of him, and the subsequent questioning and chase violated his Fourth Amendment rights and resulted in the illegal search and seizure of evidence. This argument lacks merit.
 
 
 9
 We review de novo the district court's denial of a motion to suppress. United States v. Homick, 964 F.2d 899, 903 (9th Cir.1992).
 
 
 10
 Not every encounter between a police officer and a citizen constitutes a seizure implicating Fourth Amendment protections and requiring "objective justification." United States v. Mendenhall, 446 U.S. 544, 552-53 (1980).
 
 
 11
 [A] person is "seized" only when, by means of physical force or show of authority, his freedom of movement is restrained. Only when such restraint is imposed is there any foundation whatever for invoking constitutional safeguards.... As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification.
 
 
 12
 Id. at 553-54.
 
 
 13
 For purposes of the Fourth Amendment, "a seizure does not occur if in response to a show of authority, the subject does not yield; in that event, the seizure occurs only when the police physically subdue the subject." United States v. Santamaria-Hernandez, 968 F.2d 980, 983 (9th Cir.1992) (citing California v. Hodari D., 111 S.Ct. 1547, 1550 (1991)). Thus, even assuming that a police officer's foot pursuit of a person following a consensual encounter constitutes a show of authority, the pursuit is not a "seizure" sufficient to implicate Fourth Amendment protections. See Hodari D., 111 S.Ct. at 1552; Santamaria-Hernandez, 968 F.2d at 983.
 
 
 14
 Here, Officer Hollins approached Kidd in a public place and Kidd agreed to speak to Hollins. Upon being asked by Hollins if he could search him, Kidd turned and ran away. There is no indication that up to this point Kidd had been seized since it is undisputed that Hollins used no physical force, made no show of authority to restrain Kidd, and Kidd remained free to disregard Hollins' questions and leave, which is exactly what he did. See Mendenhall, 446 U.S. at 553-54; United States v. Erwin, 803 F.2d 1505, 1508 (9th Cir.1986) (no Fourth Amendment violation where defendant is stopped in public place, police officers displayed no force, and defendant agreed to talk with officers).
 
 
 15
 Furthermore, Hollins's chase of Kidd following the initial questioning also did not constitute a seizure under the Fourth Amendment. See Hodari D., 111 S.Ct. at 1552; Santamaria-Hernandez, 968 F.2d at 983. Thus, contrary to Kidd's contention, Hollins did not need reasonable suspicion of criminal activity in order to chase Kidd. Hollins's stop and arrest of Kidd therefore were not tainted by the prior questioning and chase. Accordingly, the district court did not err by denying Kidd's motion to suppress.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3